IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                          No. M 06-3822 JH

ISMAEL GARCIA-FLORES,

      Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant Ismael Garcia-Flores' Notice of Appeal, filed March 21, 2006 (Doc. 10). The Court held a hearing on this appeal on April 3, 2006. The primary issue is whether the Court should overturn the Magistrate Judge's Detention Order ("Magistrate Detention Order"), filed March 17, 2006 (Doc. 9). Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court affirms the Magistrate Judge's detention order.

### PROCEDURAL BACKGROUND

The Honorable William P. Lynch, United States Magistrate Judge for the District of New Mexico, entered an Order finding that "this Court is unable to find suitable conditions that will satisfy this Court as to release of this defendant from custody" and ordering that Garcia-Flores "be remanded to the custody of the United States Marshal Service pending trial." Magistrate Detention Order at 1. Garcia-Flores argued the following at the hearing on this appeal in support of his contention that the Magistrate's detention order should be overturned: (i) Garcia-Flores is being held without bond; (ii) the conditions as proposed by the United States Pretrial Services ("Pretrial Services") are

"sufficient to assure that Mr. Garcia[-Flores] returns for his trial and to assure the safety of the community"; (iii) Garcia-Flores has no prior criminal history; (iv) Garcia-Flores has legally been in the United States since 1992; (v) most of Garcia-Flores' family lives in the United States; (vi) Pretrial Services verified everything Garcia-Flores told it concerning his background; (vii) many people do not consider Juarez as being a part of Mexico; and (viii) Garcia-Flores is presumed innocent and has denied the allegations made against him. Transcript of Hearing at 2:10-3:4, 4:19-5:12 (taken April 3, 2004).[1]

## LAW REGARDING DETENTION REVIEW

**1.    18 U.S.C. §§ 3142 and 3145.**

A defendant has "two avenues through which a release or detention order can be reconsidered prior to review on appeal by a court of appeals." United States v. Cisneros, 328 F.3d 610, 614 (10th Cir. 2003). First, 18 U.S.C. § 3142(f) provides for reconsideration "by the same judicial officer who entered the initial order." Id. "[R]econsideration is permissible under [§ 3142(f)] only when there is new information that would materially influence the judgment about whether there are conditions of release which will reasonably assure that the defendant will not flee and will not harm any other person or the community." Id.

The Tenth Circuit stated the following concerning the second avenue:

The second avenue is provided by 18 U.S.C. § 3145(a) and (b). These sections permit the government or a defendant to file a "motion for revocation" of a release or detention order. However, such a motion is only permissible "if a person has been ordered released or detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court . . . ." 18 U.S.C. § 3145(a), (b). Section 3145 also requires that the

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

revocation motion be filed with the court having original jurisdiction over the offense, but unlike § 3142(f), § 3145 does not require that new information be available before a release or detention order can be reconsidered and revoked. Id.

Id.

### 2. **Rebuttable Presumption.**

Garcia-Flores concedes that this is a rebuttable presumption case. See Transcript of Hearing at 2:10-12. "Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government." United States v. Stricklin, May 11, 2006, 1354-55 (10th Cir. 1991). The defendant must produce some evidence to rebut the presumption in favor of detention. See id. at 1355. But even if the defendant meets the burden of production, the presumption remains a factor for consideration by the court. See id. (citing United States v. Cook, 880 F.2d 1158, 1162 (10th Cir. 1989)).

### 3. **18 U.S.C. § 3142(g) Factors.**

Courts are to consider the following factors when determining whether there are conditions of release that will reasonably assure the appearance of the defendant at trial, and the safety of any person and the community:

(1) [t]he nature and circumstances of the offense charged . . . ;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including–

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

>   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142 (g).

## ANALYSIS

The Court has reviewed the tape recordings of the detention hearing. The Court has also considered the parties' relevant arguments in combination with the factors laid out in 18 U.S.C. § 3142(g), and consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court believes that there is no combination of factors that can be fashioned to assure Garcia-Flores' appearance at trial or to eliminate the danger to the community. First, the Court does not believe that Garcia-Flores has rebutted the presumption, and, even if Garcia-Flores had rebutted the presumption, other factors in combination with the presumption lead the Court to conclude that no set of factors can be fashioned to assure Garcia-Flores' appearance at trial or to eliminate the danger to the community.

The Court is particularly concerned that Garcia-Flores was not completely honest with Pretrial Services. The Court is also concerned that Garcia-Flores does not have strong financial ties to the community, as evidenced by his unstable employment history. Additionally, the Court also factors the details of the alleged offense and the weight of the evidence against Garcia Flores concerning such offense -- Garcia Flores was the sole occupant of a car containing a substantial amount of cocaine -- and that there are differing accounts relating to the alleged offense, raising concerns about credibility. Finally, the Court is concerned that Garcia-Flores is a legal resident alien facing as much as 10 years

imprisonment if convicted -- especially in light of the fact that Garcia-Flores has lived in Mexico before his arrest, and he was not completely honest with Pretrial Services when he told Pretrial Services that he did not travel to Mexico, while his wife admitted to Pretrial Services that he visits Mexico weekly.

    **IT IS ORDERED** that the Magistrate's Detention Order is affirmed.

                                               _____
                                              UNITED STATES DISTRICT JUDGE

*Counsel*:

David C. Iglesias
  United States Attorney for the District of
    New Mexico
Albuquerque, New Mexico

-- and --

Gregory Wormuth
  Assistant United States Attorney
    for the District of New Mexico
Las Cruces, New Mexico

    *Attorneys for the Plaintiff*

Cesar Pierce-Varela
Las Cruces, New Mexico

    *Attorney for the Defendant*